ORIGINAL

QUINTANILLA_P.com

FREDERICK A. BLACK
United States Attorney
ROBERT W. PEARSON
Special Assistant U.S. Attorney
U.S. Attorney's Office
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7215

Attorney's for United States of America

**FILED**
DISTRICT COURT OF GUAM
APR 03 2002
MARY L. M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL CASE NO. 02-00011 |
| Plaintiff, ) | |
| vs. ) | COMPLAINT |
| PATRICIA A. QUINTANILLA ) | |
| Defendant. ) | |

COMES NOW Plaintiff, UNITED STATES OF AMERICA, on behalf of its agency, the U.S. Small Business Administration by and through its undersigned attorneys, and complains of Defendant PATRICIA A. QUINTANILLA, (hereinafter referred to as Defendant "QUINTANILLA") and for cause of action alleges and states:

1. This Court has jurisdiction of the action pursuant to Title 28, U.S.C., Section 1345.

2. The Defendant QUINTANILLA presently resides outside this judicial district with an address of 10-D Lin Drive, Eglin Air Force Base, Florida 32542, and is within the jurisdiction of this Court under Title 28, U.S.C., Section 1391(a) in that substantially all of the events giving rise to this claim occurred in this judicial district.

//

//

3. On or about November 13, 1992, Defendant QUINTANILLA, executed and delivered to the U.S. Small Business Administration (hereinafter referred to as "SBA"), which is an agency of the Plaintiff, 72, Stat. 384 (1958), Title 15, U.S. C., Section 631, et seq., a written promissory Note, For Disaster Loans Only, (hereinafter referred to as "NOTE").

4. That said NOTE was executed by Defendant QUINTANILLA in the amount of $2,800.00, plus 4.0 percent interest per annum, as more particularly described in a true copy of said Note which is attached hereto and incorporated by reference herein as Exhibit "A."

5. The said NOTE was also executed by one Felix C. Mesa who, on or about June 24, 1999, a default judgment was executed by Plaintiff in the U.S. District Court of Guam, Civil No. 99-00043, as more particularly described in a true copy of said judgment which is attached hereto and incorporated by reference herein as Exhibit "B."

6. Defendant QUINTANILLA has defaulted in the payment under the terms of said NOTE in that she has breached the covenant to pay the sums thereunder at the time same became due and payable. Payments under said NOTE were to be made monthly in installments of $183.00 which Defendant QUINTANILLA has failed to do.

7. By reason of said breach, Plaintiff has executed its option under the terms and covenants of said NOTE to declare the entire principal balance due thereunder, together with interest, immediately due and payable.

8. Various payments and/or credits have been made to reduce the outstanding principal balance of said NOTE to $2,556.93.

//
//
//
//
//
//
//
//

9. Due demand has been made upon Defendant QUINTANILLA for the principal amount for said NOTE, plus interest, and that said Defendant has failed, neglected and refused, and continues to fail, neglect and refuse to reimburse Plaintiff for said indebtedness. A Certificate of Indebtedness dated April 26, 1999 is attached hereto and incorporated by reference herein as Exhibit "C."

WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, demands judgment against Defendant PATRICIA A. QUINTANILLA in the principal amount of $2,556.93, plus accrued interest to April 29, 1999, in the sum of $531.22, and interest thereafter to the date of judgment at the rate of 4.0 percent per annum, and interest from the date of judgment at the legal rate until paid in full; together with costs, including $150.00 in filing fees under 28 U.S.C. § 2412(a)(2) and 28 U.S.C. § 1914(a), fees; and for such other and further relief as this Court deems just and proper.

DATED: _April 3, 2002_, Hagåtña, Guam.

FREDERICK A. BLACK
United States Attorney
Districts of Guam and the NMI

By: _[signature]_
ROBERT W. PEARSON
Special Assistant U.S. Attorney

Attorneys of the Plaintiff

- 3 -



**SMALL BUSINESS ADMINISTRATION**
**NOTE**
(For Disaster Loans Only)

SBA LOAN NO.
DLH 52870630-05

Sacramento, California
(City, State, ZIP Code)

$ 2,800.00                                                          (Date) November 13, 1992

For value received, the Undersigned promises to pay to the order of Small Business Administration, at the office of Small Business Administration in the City of ___Denver_____, State of ___Colorado 80259_____, or, at Payee's option, at such other place as may be designated from time to time by the Payee, Two Thousand Eight Hundred and No/100------------------------- dollars,
(Write out Amount)
with interest on unpaid principal computed from the date of each advance to the Undersigned at the rate of __4%__ percent per annum, payment to be made in installments as hereinafter set forth, provided that payment of any installment of principal or interest owning on this Note may be made prior to the maturity date thereof without penalty; $ 183.00 including principal and interest, payable monthly, beginning ___Five_____ ( 5 ) months from the date hereof; the balance of principal and interest to be paid in full One(1) year _Eight_____( 8 ) months from the date hereof; with the further provision that each said installment shall be applied first to interest accrued to the date of receipt of said installment, and the balance, if any, to principal.

The term "indebtedness" as used herein shall mean the indebtedness evidenced by this Note, including principal, interest and expenses, whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted.

The Undersigned agrees to use the proceeds of the loan solely for the purposes set forth in the Authorization for the loan issued by the Small Business Administration. The Undersigned further agrees to pay all expenses of any nature, whether incurred in or out of court, and whether incurred before or after this Note shall become due at its maturity or otherwise, including, but not limited to, reasonable attorney's fees and costs which Payee may deem necessary or proper in connection with the satisfaction of the indebtedness evidenced by this Note. If Payee shall at any time pay any of such expenses, Payee is authorized to add the amount of such payment to the amount of said indebtedness and charge interest thereon at the rate specified herein with respect to the principal amount of this Note.

The said indebtedness shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the Undersigned or for any of its property, or upon the filing of a petition by or against the Undersigned under the provisions of any State insolvency law or under the provisions of the Bankruptcy Act of 1898, as amended, or upon the making by the Undersigned of an assignment for the benefit of its creditors.

Payee is authorized to declare all or any part of said indebtedness immediately due and payable upon the happening of any of the following events: (1) Failure to pay any part of the principal or interest on this Note when due; (2) Nonperformance by the Undersigned of any agreement with, or condition imposed by, Payee with respect to said indebtedness; or (3) Payee's discovery of the Undersigned's failure in any application of Undersigned to Payee to disclose any fact deemed by Payee to be material or of the making therein or in any other documents submitted in connection with said application or said indebtedness, of any misrepresentation by, on behalf of, or for the benefit of the Undersigned. Payee's failure to exercise its rights under this paragraph shall not constitute a waiver thereof.

No renewal, release, extension, modification or other indulgence which Payee may grant with respect to said indebtedness or any part thereof to the maker or any endorser, guarantor or surety shall operate to relieve the Undersigned or any such endorser, guarantor or surety without notice of any such renewal, release, extension, modification or other indulgence from liability under this Note.

Felix C. Mesa

Patricia A. Quintanilla

/We guarantee payment of this Note

NOTE: Corporate applicants must execute Note in corporate name by duly authorized officer and seal must be affixed and duly attested; partnership applicants must execute Note in firm name, together with signature of a general partner.

NOTE: THIS DOCUMENT MUST BE NOTARIZED ON THE BACK.

**EXHIBIT A**

COPY

| | |
|---|---|
| 1 | MESA_F.DFT |
| 2 | FREDERICK A. BLACK<br>United States Attorney |
| 3 | ROBERT W. PEARSON<br>Special Assistant U.S. Attorney |
| 4 | MARIVIC P. DAVID<br>Assistant U.S. Attorney |
| 5 | Sirena Plaza, Suite 500<br>108 Hernan Cortez |
| 6 | Agana, Guam 96910<br>TEL: (671) 472-7332 |
| 7 | FAX: (671) 472-7215 |

**FILED**
DISTRICT COURT OF GUAM

JUN 2 4 1999

MARY L.M. MORAN
CLERK OF COURT

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) CIVIL CASE NO. 99-00043 |
|---|---|
| Plaintiff, | ) |
| vs. | ) DEFAULT JUDGMENT |
| FELIX C. MESA, | ) |
| Defendant. | ) |

## DEFAULT JUDGMENT

In the above-entitled action, Defendant FELIX C. MESA was properly served with the Summons and Complaint; defendant FELIX C. MESA failed to appear or answer within the time provided by law; and default has been duly entered. A declaration on behalf of the plaintiff required by Rule 55 has been filed setting forth the amounts due to plaintiff from the defendant in accordance with the prayer of the complaint, and also setting forth that defendant is not an infant or incompetent person or in the military service of the United States within the meaning of the Soldier's and Sailor's Civil Relief Act of 1940, as amended.

//

//

//

EXHIBIT B

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of plaintiff, United States of America, against defendant FELIX C. MESA, in the principal amount of $2,556.93 plus accrued interest to April 26, 1999, in the sum of $531.22, and interest thereafter to the date of judgment at the rate of 4.0 percent per annum, and interest from the date of judgment at the legal rate until paid in full; together with costs, including $150.00 in filing fees under 28 U.S.C. § 2412(a)(2) and 28 U.S.C. § 1914(a), fees; and for such other and further relief as this Court deems just and proper.

DATED: _June 24, 1999_, Agana, Guam.

_(signed) Rosita F. San Nicolas_ for
MARY L.M. MORAN
Clerk of Court
District Court of Guam

Notice is hereby given that this document was entered on the docket on _6/24/99_. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _(signed) R. San Nicolas_  6/24/99
Deputy Clerk    Date

- 2 -



U. S. SMALL BUSINESS ADMINISTRATION
GUAM BRANCH OFFICE
FIRST HAWAIIAN BANK BLDG, STE. 302
400 ROUTE 8, MONGMONG, GU 96927
671-472-7419 • 671-472-7365 (FAX)

# CERTIFICATE OF INDEBTEDNESS

Debtor(s) Name(s):   FELIX C. MESA
and PATRICIA A. QUINTANILLA
DLH: 52870630-05

Address:   P.O. Box 2731
Agana, Guam  96932

**Total debt due United States as of April 26, 1999 :**   $3,087.85

I certify that **U.S. Small Business Administration** records show that the debtor(s) named above are indebted to the United States in the amount stated above, plus additional interest on the principal balance of **$2,556.63** from April 26, 1999, at the annual rate of 4.00%. Interest accrues on the principal amount of this debt at the rate of **$0.28** per day.

The claim arose in connection with a disaster assistance home loan made by the **U.S. Small Business Administration,** which is an agency under 72 Stat. 384 (1958), Title 15, U.S.C., Section 631, <u>et seq.</u>, secured by a note dated November 13, 1992.

**Certification:** Pursuant to 28 USC § 1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Date

_____
J.E. Corbett, III, Loan Specialist
U.S. Small Business Administration

